UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DONALD MCKEE,

    Petitioner,

-vs-                                                  Case No.  6:12-cv-731-Orl-36TBS

SECRETARY, DEPARTMENT
 OF CORRECTIONS, et al.,

    Respondents.

_____/

**ORDER**

Petitioner initiated this action for habeas corpus relief pursuant to 28 U.S.C. section 2254 (Doc. No. 1).  Upon consideration of the petition, the Court ordered Respondents to show cause why the relief sought in the petition should not be granted. Thereafter, Respondents filed a response to the petition for writ of habeas corpus in compliance with this Court's instructions and with the *Rules Governing Section 2254 Cases in the United States District Courts* (Doc. No. 7).  Petitioner filed a reply (Doc. No. 10) to the response.

Petitioner alleges one claim for relief in his habeas petition:  the State presented "evidence of [his] non-sexual offense history" (a prior conviction for armed robbery) at his civil commitment trial.

*I.*      *Procedural History*

The State Attorney's Office for the Ninth Judicial Circuit filed a petition seeking Petitioner's commitment as a violent sexual predator pursuant to the Sexually Violent Predators Act, and the trial court entered an order finding probable cause and appointing counsel. A jury trial was held, and Petitioner was found to be a sexually violent predator. The trial court subsequently entered a Sexually Violent Predator Judgment and Commitment Order in which, among other matters, Petitioner was committed to the custody of the Department of Children and Family to be kept in a secure facility for control, care, and treatment until such time as Petitioner's mental abnormality or personality disorder had so changed that it was safe for Petitioner to be at large. Petitioner filed a direct appeal with the Fifth District Court of Appeal, which affirmed *per curiam*.

Petitioner next filed a petition for writ of habeas corpus alleging ineffective assistance of trial counsel with the state trial court. The petition was denied, and the state appellate court affirmed the denial *per curiam*.

## II.   *Legal Standards*

Pursuant to the AEDPA, federal habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

(1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

2

28 U.S.C. § 2254(d). The phrase "clearly established Federal law," encompasses only the holdings of the United States Supreme Court "as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000).

"[S]ection 2254(d)(1) provides two separate bases for reviewing state court decisions; the 'contrary to' and 'unreasonable application' clauses articulate independent considerations a federal court must consider." *Maharaj v. Secretary for Dep't. of Corr.*, 432 F.3d 1292, 1308 (11th Cir. 2005). The meaning of the clauses was discussed by the Eleventh Circuit Court of Appeals in *Parker v. Head*, 244 F.3d 831, 835 (11th Cir. 2001):

> Under the "contrary to" clause, a federal court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the United States Supreme Court] on a question of law or if the state court decides a case differently than [the United States Supreme Court] has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the United States Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

Even if the federal court concludes that the state court applied federal law incorrectly, habeas relief is appropriate only if that application was "objectively unreasonable."[2] *Id.*

---

[1]In considering the "unreasonable application" inquiry, the Court must determine "whether the state court's application of clearly established federal law was objectively unreasonable." *Williams*, 529 U.S. at 409. Whether a state court's decision was an unreasonable application of law must be assessed in light of the record before the state court. *Holland v. Jackson*, 542 U.S. 649, 652 (2004) (*per curiam*); *cf. Bell v. Cone*, 535 U.S. 685, 697 n. 4 (2002) (declining to consider evidence not presented to state court in determining whether its decision was contrary to federal law).

3

Finally, under § 2254(d)(2), a federal court may grant a writ of habeas corpus if the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." A determination of a factual issue made by a state court, however, shall be presumed correct, and the habeas petitioner shall have the burden of rebutting the presumption of correctness by clear and convincing evidence. *See Parker*, 244 F.3d at 835-36; 28 U.S.C. § 2254(e)(1).

## III.   Analysis

Petitioner contends that the State presented "evidence of [his] non-sexual offense history" (a prior conviction for armed robbery) at his civil commitment trial. This claim was raised on direct appeal.

Florida law establishes a civil commitment procedure for the long-term care and treatment of sexually violent predators. Fla. Stat. § 394.910. "Individuals in civil commitment proceedings are entitled to certain due process protections guaranteed by the Fourteenth Amendment . . . ." *Walker v. Hadi*, 611 F.3d 720, 723 (11th Cir. 2010).

Petitioner argues that the Due Process Clause prohibits the use of a sexually violent predator's "non-sexual" criminal history as evidence in civil commitment proceedings. However, in the context of a habeas case, the Court is limited to determining whether the United State Supreme Court has "clearly established" that such a right exists. 28 U.S.C. § 2254(d)(1). In the present case, Petitioner has not cited a single United States Supreme Court case requiring the Florida courts to exclude "non-sexual" criminal history as evidence in a civil commitment trial. *Carey v. Musladin*, 549

4

U.S. 70, 77 (2006) (holding that, when the United States Supreme Court has not decided an issue, "it cannot be said that the state court 'unreasonabl[y] appli[ed] clearly established Federal law.'"). Consequently, the state court's decision, to the extent that it admitted this evidence at Petitioner's civil commitment trial, was not contrary to, nor an unreasonable application of, clearly established Federal law, and the instant petition is denied. 28 U.S.C. § 2254(d)(1).

The Court also notes that Petitioner fails to explain why the admission of this evidence was improper. Although he claims that this evidence was used "to instill fear in the jury, to demonstrate that Petitioner was a 'mad dog' criminal," *see* Doc. No. 10 at 5, as Respondents point out, the evidence was "relevant to Petitioner's anti-social personality disorder that makes Petitioner likely to engage in acts of sexual violence if he is not confined in a secure treatment facility for long-term control, care, and treatment." *See* Doc. No. 7 at 6. In fact, the evaluators who concluded that Petitioner qualified for commitment based their determination, in part, on Petitioner's non-sexual related criminal history. Further, the prosecutor mentioned in opening argument that this evidence was relevant to Petitioner's "mental abnormality." *See* App. A, Vol. II at 14. As a result, Petitioner has failed to demonstrate that this evidence was erroneously admitted, and this claim is denied on that basis as well.

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

5

1. The Petition for Writ of Habeas Corpus (Doc. No. 1) filed by Donald McKee is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**.

2. The Clerk of the Court shall enter judgment accordingly and is directed to close this case.

3. This Court should grant an application for certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner has failed to make a substantial showing of the denial of a constitutional right.[6] Accordingly, a Certificate of Appealability is **DENIED** in this case.

**DONE AND ORDERED** in Chambers in Orlando, Florida, this 2nd day of August, 2013.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

---

[2]Pursuant to Rule 11 of the *Rules Governing Section 2254 Cases In the United States District Courts*,

> The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.

Copies to:
OrlP-2 8/2
Counsel of Record
Donald McKee